WILLIAM H. GRIFFITHS vs. GEORGE A. COPELAND.

Suffolk. March 4, 1903. — June 18, 1903.

Present: KNOWLTON, C. J. LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Partnership.*

Upon the conflicting evidence in this case the judge was warranted in finding that money furnished in small sums from time to time to an inventor by a neighbor not otherwise connected with him in business, in order that the inventor might perfect a certain device, was contributed to the undertaking with the understanding and agreement that the two would carry on the business as joint proprietors and share the profits and losses, and that the business was so carried on.

CONTRACT against the alleged surviving partner of one Andrew W. Mitchell upon an account annexed for work performed in making models. Writ in the Municipal Court of the City of Boston dated June 11, 1901.

On appeal to the Superior Court the case was tried before *Aiken*, J., without a jury. The plaintiff was a pattern and model maker. Mitchell had invented several devices for which the plaintiff had made models and patterns. The defendant was a clerk in the office of the United States inspectors of steamboats at the Post Office Building in Boston, and a neighbor of Mitchell, and from time to time had advanced to him small sums of money, amounting in all to about $500, to perfect a device of Mitchell to be used on electric cars. The question was whether these advances had been made by the defendant as a creditor or as a partner of Mitchell. The defendant had promised orally to pay the plaintiff. The case had been referred to an auditor who ruled that the facts found by him did not constitute a partnership between Mitchell and the defendant, and

found for the defendant. The evidence on the part of the plaintiff consisted of the auditor's report, an affidavit of testimony of one Drexel, the testimony of the plaintiff and of the plaintiff's son. The defendant testified in his own behalf.

At the close of the evidence, the defendant requested the judge to rule that the evidence did not disclose any partnership between the defendant and Mitchell, and that on all the evidence in the case the verdict should be for the defendant. The judge refused to rule as requested and found that upon all the evidence the defendant was a partner of Mitchell. He found for the plaintiff in the sum of $245.06; and the defendant alleged exceptions.

*B. B. Dewing*, for the defendant.

*M. S. Holbrook*, (*M. Holbrook* with him,) for the plaintiff.

HAMMOND, J. Upon the evidence the judge may properly have found that the money was contributed to this undertaking by the defendant with the understanding and agreement between him and Mitchell that as joint proprietors they would carry on the business and share the profits and losses, and that the business was so carried on. It is true that this view of the transaction was not consistent with the explanation given by the defendant, but the judge may not have accepted his explanation as against the testimony introduced in behalf of the plaintiff. It follows that no error appears in the refusal of the judge to give the rulings requested.

*Exceptions overruled.*